IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20859

Summary Calendar

_____

FLOYD GIBSON,

Plaintiff-Appellant,

versus

THE METHODIST HOSPITAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-96-1605)

_____

January 21, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Floyd Gibson appeals the district court's dismissal of his Title VII claim for failure to file suit within ninety days of receipt of his right-to-sue letter from the EEOC as required by 42 U.S.C. § 2000e-5(f)(1).

The district court applied the correct rule of law. "[T]he giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant,

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice." Espinoza v. Missouri Pacific RR. Co., 754 F.2d 1247, 1250 (5th Cir. 1985). Under this rule, the statutory period can begin to run even if the claimant does not actually receive the letter. Id. Gibson argues that his case fits within the tolling portion of the rule. Because he changed residences in February of 1995, Gibson insists, it was not his fault that he never actually received the letter, which was delivered to Gibson's record address by certified mail on February 4 and February 9. He notified the EEOC by telephone of his new address within a week of moving, and the EEOC failed to mention that it had recently sent his right-to-sue letter.

Gibson had plenty of opportunity to develop this argument below. His affidavit, however, states merely that he moved "[a]round the middle part of February 1995." Even if the ninth day is already in a month's "middle part," the fourth day is not. It is undisputed, therefore, that the letter was actually delivered to an address on file where Gibson resided. On these facts, the district court did not clearly err when it found that Gibson was at fault for failing to receive the letter. See Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989) ("Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC. In the instant case, Hill could easily have

2

informed the EEOC of her new address."); <u>Ringgold v. National Maintenance Corp.</u>, 796 F.2d 769, 770 (5th Cir. 1986) (per curiam) ("We hold that the 90-day period of limitation . . . begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant."); <u>Hunter v. Stephenson Roofing, Inc.</u>, 790 F.2d 472, 475 (6th Cir. 1986) ("[P]laintiff's ninety day time period began to run five days after the date the EEOC mailed plaintiff's right-to-sue letter to his address of record." (footnote omitted)); <u>Thomas v. Exxon, U.S.A.</u>, 943 F. Supp. 751, 757 (S.D. Tex. 1996) ("[T]o extend the filing period based on a claim that the letter was not actually received by Thomas until December 28, 1993, five days after her daughter acknowledged receipt, would serve to foster a '"manipulable open-ended time extension which would render the statutory limitation meaningless."'" (quoting <u>Law v. Hercules, Inc.</u>, 713 F.2d 691, 693 (11th Cir. 1983))); <u>Griffin v. Prince William Hosp. Corp.</u>, 716 F. Supp. 919, 921 (E.D. Va. 1989) ("[S]ensibly settled authority confirms that the EEOC is entitled to rely on the address plaintiff furnished and to start the running of the 90 day period by sending the right-to-sue letter to that address.").

AFFIRMED.